

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 15, 1962

Dr. J. W. Edgar
Commissioner of Education
State Office Building
Austin, Texas

Opinion No. WW-1240

Re: Does a teacher awarded
a written and approved
continuing contract by
a common or rural high
school district, which
specifies no employ-
ment period or years
it shall cover, have
a valid and enforceable
contract for services
not permitted to be
performed, and related
questions.

Dear Dr. Edgar:

You have requested this office to render an opinion
on the question of whether a teacher awarded a written and
approved contract by a common or rural high school district,
which contract specifies no employment period or years it
shall cover, has a valid and enforceable contract for ser-
vices not permitted to be performed.

The specific fact situation which gave rise to your
question is as follows: In May, 1960, the Board of Trustees
of a rural high school district adopted a revised teacher
contract form, locally termed "continuing" or "extended." This
form of contract, awarded to all the district teachers who had
taught in the district for at least one full school term, had
a beginning date, but no date of termination. Your letter
indicates that it was thought locally that the contract would
continue effective until resignation by the teacher or dis-
missal for justifiable cause. However, neither the contract
itself nor other minutes or records of the school district
reflect what period of time the contract was intended to
cover. A teacher in the district was employed under one of
these types of contracts, beginning in September, 1960. She
served thereunder, and was paid salary based on the State
minimum salary schedule therefor. On July 28, 1961, she was
notified that her contract with the district would not be
continued for the 1961-62 school year. She has not been
permitted to teach in the current 1961-62 school year. There
is nothing present in the fact situation which would indicate
that the teacher was dismissed for justifiable cause.

In answering the questions posed, we must begin by noting that a Rural High School District is classified as a common school district, and as such is subject to all the statutory provisions regulating common school districts. Article 2922b, Vernon's Civil Statutes.

Under Article 2750a-2, Vernon's Civil Statutes, teacher employment contracts may not be written for a period to exceed three (3) years. This limitation may not be avoided. Fikes v. Sharp, 112 S.W.2d 774 (Civ. App. 1938, error ref.) Thus, a "continuing" contract could not continue in existence for a period in excess of three (3) years, regardless of the lack of a termination date upon the face of the contract. We must now determine just how long the contract in question may run, within the three-year limitation.

The Board of School Trustees has authority to write teacher employment contracts for any period up to and including three (3) years. Paragraph 2 of the sample contract provided by you provides for salary adjustments from year to year, and for salary to be paid in twelve (12) monthly installments. These statements are the only express guide that we have as to the intent of the parties as to duration. In 35 American Jurisprudence 456, Master and Servant §19, the following appears:

"Where no definite term of employment is expressed, there is no inflexible rule governing the duration of the relationship. In such cases, the duration of the employment must be determined by circumstances in each particular case. It is dependent upon the understanding and intent of the parties, to be ascertained from their written or oral negotiations, the usages of business, the situation and object of the parties, the nature of the employment, and all the circumstances surrounding the transaction.

"Regardless, therefore, of the absence of any express stipulation regarding the term of employment, a dispute as to the duration of a contract of employment is to be settled with reference to the terms of the contract, the nature of the services which were agreed to be performed, and the attending circumstances which evidence the intention of the parties, and this is true where the contract is in writing, as well as where it is oral; in either case, the court takes into consideration the situation of the

parties, and the objects they had in view. In
case the contract has been made with reference
to a general custom or business usage which
enters into and becomes a part of the agreement,
the contract is not, of course, indefinite as
to its duration if such custom or usage fixes
the term of the employment.

"As to the presumption to be indulged where
the contract appears to have specified no definite
period, the authorities are not in harmony. Ac-
cording to some of the decisions, particularly
those of the English courts, a general hiring
will be taken to have been for one year, regard-
less of the nature of the service or employment,
unless there is shown to have been a custom re-
lating to the duration of the term, and it appears
that the contract was made with reference thereto.
According to the general rule as laid down by a
majority of the courts, however, contracts of
employment which mention no period of duration,
which are in a true sense indefinite and without
stipulation for an implied minimum period, are
deemed terminable at will of either party; and
the burden of proving the contrary must be assumed
by the party who asserts that the employee is
engaged for a definite period."

The above, of course, refers to private contracts, while we
are dealing with a problem in the public area; nevertheless,
the situation is so analogous that it is felt that this
particular segment of the law of private contracts will apply.

Texas follows the majority rule laid down above. St.
Louis Southwestern Ry. Co. of Texas v. Griffin, 106 Tex. 477,
171 S.W. 703 (1914); Island Lake Oil Co. v. Hewitt, 244 S.W.
193 (Civ. App. 1922, error dism.); Kennedy v. McMullen, 39 S.W.
2d 168 (Civ. App. 1931, error ref.). In the latter case, at page
174, it was stated that "As a general proposition, a contract
indefinite as to the time of its performance may be terminated
by either party by giving notice of his intention to do so."

In relating the specific fact situation to the general
propositions of law found above, we are immediately confronted
with the statement made in your request to the effect that "it
was thought locally that the contract would continue effective
until resignation by the teacher or dismissal for justifiable
cause." No further information is given with regard to any nego-
tiations conducted or representations given by or between the
various parties to the contracts in question.

In consideration of the foregoing, it is the opinion of this office that: (1) The type of contract in question is indefinite as to time of termination, but may not extend for a period in excess of three (3) years, by virtue of the limitation placed thereon by Article 2750a-2, Vernon's Civil Statutes; (2) the contract is good for a minimum period of one (1) year; (3) the question of whether or not the parties are bound for a second or third year is dependent upon the intention of the parties and is a question of fact, and not resolvable by this office.

## SUMMARY

A teacher awarded a written and approved "continuing" contract by a common or rural high school district which specifies no employment period or years it shall cover has a valid and enforceable contract for services for one (1) year, but not more than three (3) years. Article 2750a-2, Vernon's Civil Statutes. The question of whether or not the parties are bound for a second or third year is one of fact, and not resolvable by the Attorney General.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   Malcolm L. Quick
     Assistant

MLQ:dhs:kh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. Arthur Sandlin
Linward Shivers
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.